## McWHIRTER v. LONGSTREET.

(Supreme Court, Appellate Term.   January, 1903.)

1. USURY—NOTE—BONA FIDE HOLDER.

Defendant, being hard pressed financially, gave a note to a third party for $250, and asked him to procure money on it; agreeing that he might keep anything he could get over $100.   The third party sold the note to plaintiff, who paid face value therefor.   He thereupon paid $100 to defendant, keeping the balance.   Plaintiff and the third party both testified

¶ 1. See Bills and Notes, vol. 7, Cent. Dig. § 982.

that plaintiff had no knowledge of the agreement between the third party and defendant. *Held*, that the defense of usury was not available as against plaintiff.

2. SAME—NOTICE.

The mere fact that the third party had boarded with plaintiff did not justify the inference that plaintiff knew of the usurious agreement.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Laure L. McWhirter against James W. Longstreet. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and CLARKE and GREENBAUM, JJ.

James S. Thompson, for appellant.

J. G. Lazarus, for respondent.

CLARKE, J. Action upon a promissory note; defense, usury. Defendant, being in urgent need of money, made a note payable to the order of one Ferris, payable in 30 days, for $250, and asked him to procure money on it; making an agreement with him that, if he could succeed in selling same, Ferris should receive $75 as bonus or commission. A receipt given by Ferris to defendant is in evidence, which, after describing the note, proceeds: "The above-mentioned note is received on sale. If sold $175 to be returned for same." The note was a collateral stock note. After some days Ferris told defendant that he had not sold the note, and defendant said that he was very hard up for money, and that any amount over $100 that Ferris might derive from the sale of the note he should retain, and give defendant $100. Thereafter Ferris sold the said note to plaintiff, who paid to Ferris the face value thereof, $250, of which Ferris paid to defendant $100, and took his receipt therefor in writing. Thereafter, said note not having been paid, defendant made a new note to plaintiff for $253.13, payable on demand, and received back his original note. This second note is the one in suit.

There can be no doubt that as between the original parties the defense must have prevailed. Nor is there any doubt that the amount of bonus retained by Ferris was unconscionable. But there is no proof in the case that plaintiff was a party thereto, had knowledge thereof, or profited thereby. She testified positively that she paid $250 for the note. that she had no knowledge whatever of the arrangement between Ferris and defendant, that she had received no part of the bonus, and that she had not been paid back any part of the original amount paid by him. Ferris also testified positively that he had received the $250 from plaintiff, and had not informed her of his interest in the transaction, and had not paid her any portion of his bonus. Defendant gave no evidence in contradiction, but seeks by suggestion and surmise, from the fact that Ferris had boarded with plaintiff, who kept a large boarding house on Fifth avenue, with some 30 rooms, to show that it is to be inferred that plaintiff was cognizant of, and a party to, the usurious agreement. But this will not do. The rule laid down by Judge Earl in Stillman v. Northrup, 109 N. Y. 477, 17 N. E. 379, and followed and applied many times, is as follows:

"To render the note void for usury, it, was not sufficient for the defendants merely to show that plaintiff's agent took and exacted the fifty dollars as a condition of the loan. But it was incumbent upon them to show that he took the fifty dollars with the knowledge and assent of the plaintiff, so that she, at least by ·acquiescence, became a party to the usurious exaction. And the burden of establishing such knowledge and acquiescence on the part of plaintiff rested upon the defendants, and they were bound to sustain that burden by satisfactory evidence. The defense of usury, involving crime and forfeiture, cannot be established by mere surmise and conjecture, or by inferences entirely uncertain. If, upon the whole case, the evidence is just as consistent with the absence as with the presence of usury, then the party.alleging usury has failed."

Judgment reversed and new trial ordered; costs to appellant to abide event. All concur.